UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EONLINE GLOBAL, INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Case No. 5:16-cv-05822-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

Defendant's motion to dismiss is granted as unopposed as to the third and fourth causes of action ("Unjust Enrichment" and "Quantum Meruit," respectively). The third and fourth causes of action are DISMISSED WITH PREJUDICE.

Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND as to the second cause of action for Breach of the Implied Covenant of Good Faith and Fair Dealing. "Under California law, a claim for breach of the covenant of good faith and fair dealing requires that a contract exists between the parties, that the plaintiff performed his contractual duties or was excused from nonperformance, that the defendant deprived the plaintiff of a benefit conferred by the contract in violation of the parties' expectations at the time of contracting, and that the plaintiff's damages resulted from the defendant's actions." Avila v. Countrywide Home Loans, No. 10-CV-05485-LHK, 2010 WL 5071714, at *5 (N.D. Cal. Dec. 7, 2010).

In its opposition to the motion to dismiss, Plaintiffs clarify the basis of the claim, stating: "Google breached the implied covenant through its failure to act in good faith in making its various *discretionary* determinations – whether to confiscate all of the fund, even if one or another of plaintiffs' hundreds of websites did not meet Google's standards" (*id*. ¶49), and its

Case No.: 5:16-cv-05822-EJD
ORDER GRANTING MOTION TO DISMISS

1 unconsidered rejection of Plaintiffs' appeal." Plaintiffs' first theory of liability fails to state a claim upon which relief may be granted because it is inconsistent with the Terms of Service. Paragraph 10 of the Terms of Service gives Google a right to terminate the agreement and "withhold unpaid amounts." See McNeary-Calloway v. JP Morgan Chase Bank, N.A., 863 F.Supp.2d 928, 957 (N.D. Cal. 2012) ("implied terms should never be read to vary express terms").

Plaintiffs' second theory of liability has merit. Paragraph Five of the Terms of Service provides: "If you dispute any payment made or withheld relating to the Services, you must notify Google in writing within 30 days of any such payment." Liu Decl., Ex. 1 ¶5. Plaintiffs alleges in the complaint that Defendants denied them their right to appeal by "[f]orcing Plaintiffs to limit their appeal to 1,000 characters" and by denying Plaintiffs' a "human" review. Although the Terms of Service does not specifically use the term "appeal," Paragraph 5 invites the contracting party to submit a complaint, which implies that the complaint will be reviewed by someone and that the review will be conducted in a reasonable manner. At the pleading stage, these allegations are sufficient to state a claim for breach of the implied covenant of good faith and fair dealing. See McNeary-Calloway v. JP Morgan Chase Bank, N.A., 863 F.Supp.2d 928, 956-57 (N.D. Cal. 2012) (discretionary powers evaluated under the implied covenant to assure that the promises of the contract are effective and in accordance with the parties' legitimate expectations).

Plaintiffs shall file and serve an amended complaint consistent with this Order no later than September 18, 2017.

**IT IS SO ORDERED.**

Dated: August 18, 2017

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-05822-EJD
ORDER GRANTING MOTION TO DISMISS
2